## Case No. 5,366.

### GERNON v. BOCCALINE.

[2 Wash. C. C. 199.] [1]

Circuit Court, D. Pennsylvania.    April Term, 1808.

PLEADING IN EQUITY—REPLICATION DENYING ALLEGATIONS IN PLEA—ANSWER—PLEA IN AVOIDANCE.

1. Where the replication denies all the allegations in the plea, the plea must be supported by evidence.

2. If an answer to any particular charge in the bill deny the same, it must be opposed by the plaintiff, by two witnesses, or by one and circumstances.

3. A plea in avoidance of, and not responsive to the bill, stands for nothing as evidence of the facts stated in it.

[Cited in Tilghman v. Tilghman, Case No. 14,045.]

In equity. Plea to the jurisdiction of the court, (sworn to,) that the plaintiff was, at the time of filing his bill, a citizen of the state of Pennsylvania. To the plea, a general replication was filed. The deposition of one witness was read, who proved that the plaintiff, in the summer of 1807, removed into the state of New-Jersey, with his family, sold part of his furniture after his leaving this state, and removed the rest to his place of residence at Burlington.

M. Levy, for defendant, observed, that the plea, being sworn to, could not be overruled by the deposition of one witness.

WASHINGTON, Circuit Justice. The replication having denied all the matter of the plea, the latter must be supported by evidence. If an answer, responsive to any charge in the bill, deny the same, it must be opposed on the part of the complainant, (who makes this part of the answer evidence, by calling upon the defendant to give evidence against himself,) by two witnesses, or by one witness, with the addition of circumstances. But a plea is always in avoidance of the bill, and never responsive to it. It of course stands for nothing, as evidence of the facts stated in it. Plea overruled.

[See Case No. 5,367.]

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

## Case No. 5,367.

### GERNON v. BOECALINE.

[2 Wash. C. C. 130.] [1]

Circuit Court, D. Pennsylvania.    Oct. Term, 1807.

NE EXEAT — AUTHORITY OF DISTRICT JUDGES TO ISSUE—SUPPORTING AFFIDAVIT—AMENDMENT.

1. The district judges of the courts of the United States have no authority to issue writs of ne exeat.

[Cited in Loewenstein v. Biernbaum, Case No. 8,461a; Lewis v. Shainwald, 48 Fed. 500.]

2. The affidavit upon which this writ will issue, should be positive to a debt, or to the belief of the plaintiff, that a certain balance of account was due.

3. The plaintiff was admitted to amend his affidavit; and being sworn, at the instance of the defendant, he was permitted to state, that a particular item of his claim had not been passed upon by arbitrators, who had examined the accounts between the parties.

A ne exeat had been awarded in this case, by the district judge, and bail taken. A motion was now made to discharge it, on the ground that the district judge had no power to award it. Upon this ground, the court quashed the writ. The plaintiff then moved to award a new writ, which was objected to by Levy, for defendant; the plaintiff having stated, that the bill is filed on account of a particular transaction, in a certain vessel, which transaction has been referred, and was settled, as appears by an item in the account, on which the arbitrators acted, in which they credit the defendant 9,000 dollars, on account of this vessel and cargo. Secondly: that the affidavit is insufficient, as it merely states that the plaintiff has a just demand against the defendant; whereas if he claimed a debt, he should have stated positively, that so much was due, or if he claimed a balance of account, he should have sworn, that he verily believed the balance in his favour to be so much. Tidd. Pr. 21; 2 Ves. Sr. 489; 3 Atk. 501. Thirdly: the bill has no equity for this court; for if a balance is due the plaintiff, he may have a remedy at common law.

Mr. Rawle, for plaintiff.
Mr. Levy, for defendant.

BY THE COURT. The affidavit is clearly defective. The plaintiff should swear positively to a debt, or to his belief that a certain balance of account was due. The plaintiff being in court, and making this affidavit, the court awarded a new writ; it appearing upon the examination of the plaintiff, who was sworn at the instance of the defendant, that the particular account on which this suit was brought, though laid before the arbitrators, had not been acted upon in any manner.

[See Case No. 5,366.]

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]