MATTOCKS *against* TREMAIN and others.

*October 24,*

To entitle a party to a writ of *ne exeat,* his debt or demand must be satisfactorily ascertained ; a mere declaration of belief of the existence and amount of his claim, is not sufficient; there must also be a positive affidavit of a threat or purpose of the party against whom the writ is prayed, to go abroad; and that the debt would be lost, or at least in danger, by his departure from the state.

*It seems* that a writ of *ne exeat* will not be granted, on petition and motion only without a bill previously filed.

THE petition of the defendant, *Tremain,* stated, that he was payee of a note of the plaintiff's to him, for 2,272 dollars, and endorsed it to the other two defendants, who thereupon arrested the plaintiff, at law, but did not hold him to bail, owing to the representations of the petitioner of his solvency, &c. That the plaintiff filed his bill against all the defendants, for an *injunction* to stay the suit at law, on the ground that he had never given such note, and the injunction was granted. That the petitioner is informed and believes, that the plaintiff is selling off his property, and is about to remove out of the state. That by the said bill, the plaintiff at law seeks a discovery, and account of the petitioner. That the note was given on a partnership account, and the plaintiff owes the petitioner 2,000 dollars on the partnership accounts, beyond the amount of the note, and for which claim he has no redress at law, the same not being as yet liquidated.

Prayer for a writ of *ne exeat.*

The petition was sworn to on the 21st of *October,* 1807.

*G. Caines,* for the defendant, moved for the *writ of ne exeat.*

THE CHANCELLOR. There are difficulties arising upon this petition.

1. In the first place, the demand of the petitioner is not

sufficiently ascertained.    The old rule was, that stating the *belief* of the balance of an account was sufficient, but Lord *Eldon*, in *Amsinck* v. *Barklay*, (8 *Vesey*, 597.) said he should, in future, pause upon such a general statement, unless facts or declarations, as the ground of that belief, were given. I do not say that such a *dictum* is sufficient to form a new rule, but the nature of this case requires something more than a general declaration, that the plaintiff owes him 2,000 dollars beyond the amount of the note, which he admits was given on a partnership transaction.    Why should the note be given for part only of the demand? It is evidence that no more is admitted by the plaintiff to be due, and it is so far evidence of a settlement; and the bill filed by the plaintiff claims a balance due him.    In such a peculiar case, there must be something more than the general declaration of belief.

2. The evidence is not sufficient of the plaintiff's intention to go abroad.   It is a belief, derived merely from information; and this seems to refer only to the fact that the plaintiff is disposing of his property.    There ought to be a positive affidavit of a threat or purpose to go abroad. (*Etches* v. *Lance*, 7 *Vesey*, 417.    *Oldham* v. *Oldham*, 7 *Vesey*, 410.   *Jones* v. *Alephsin*, 16 *Vesey*, 470.    *Percy* v. *Powell*, cited in *Beams*' " View of the writ of *ne exeat*," p. 25. MS. case of Mr. *Bell*.)    So, also, the affidavit ought to have stated, that the debt would, at least, be endangered by the departure of the plaintiff.    (7 *Vesey*, 417. 8 *Vesey*, 33.)

There are several facts set forth in the petition which have nothing to do with the case.   The plaintiff is sued, at law by the other two defendants, and with that fact, or the demand upon the note, I have, at present no concern. The application is only on behalf of the petitioner, and he has no other ground for the writ than the balance due to him on the account, and his affidavit is too defective, for the reasons I have stated.

3. It may, also, be a question, whether the petitioner ought not to have filed his bill, to entitle him to the writ. The settled rule is, that the writ cannot be granted on petition and motion, without a bill previously filed. (*Ex parte Bruncker*, 3 *P. Wms.* 312.) Possibly, the defendant may move for the writ upon *the plaintiff's bill*, seeing his demand may be liquidated, settled, and recovered under the present bill. The difficulty, however, is, that the plaintiff may abandon, or dismis his bill, on payment of costs; and the writ should not rest upon a bill which the party suing out the writ cannot controul.