1823.

THORNE
v.
HALSEY.

Decree accordingly.

THORNE *against* HALSEY.

The plaintiff, in his affidavit, annexed to a bill for a writ of *ne exeat republica*, though in a matter of account, must swear positively to a debt or balance due to him from the defendant ; yet he need not swear to a certain sum, but according to his belief as to the *amount.*
Where an answer is put in to a bill in such a case, though the time for filing exceptions to it had not expired, it may be read on a motion to discharge the writ of *ne exeat.*

THE plaintiff and defendant were jointly concerned in six different voyages and adventures between *New-York* and *St. Domingo,* the active management of which was undertaken by the defendant, who went to *St. Domingo,*

*May* 13th.

and who was to have one third of the profits. The bill stated the different adventures, the accounts of which remained unsettled. That the last adventure was in 1820, in the schooner *B.*, consigned to the defendant at *Port au Platt*, in *St. Domingo;* that the vessel sailed from that place with only a part of her return cargo, for *New-York,* the defendant having retained the proceeds of the outward cargo, to more than 2000 dollars. That, in consequence of the vessel's long and unnecessary detention at *St. Domingo*, the plaintiff had to pay a heavy demurrage. That the defendant detains the residue of the cargo from the plaintiff, and has remained out of the state, and resided at *St. Domingo* until *September* last, when he came to *New-York*, and brought goods with him, which he refused to give up, or come to any settlement of this or of the former voyages. That he was justly indebted to the plaintiff, over and above all reasonable charges and deductions, above the sum of 5000 dollars; that the defendant was about to return to *St. Domingo*, where he expected to reside for a considerable time ; and the plaintiff apprehended that if the defendant should be suffered to depart, without giving security for the balance due to the plaintiff, he would be in great danger of losing his debt. *Prayer*, that the defendant be decreed to come to an account with the plaintiff, of and concerning the said voyages, and to pay the balance which shall be found due ; and for a writ of *ne exeat.* The *affidavit* of the plaintiff, in support of the application for a *ne exeat*, stated, that he *verily believed that the defendant will be justly indebted to him in* 5000 *dollars ;* and that he was informed, that the defendant was about to depart from the state, &c. The intention of the defendant to depart for *St. Domingo* was, also, proved by two witnesses; and the writ of *ne exeat* was allowed by a master, the 15th of *March*, 1823, in the sum of 5000 dollars.

An answer was filed the 3d of *May*, and on the 12th of *May*, a motion was made to discharge the writ of *ne exeat*,

pursuant to a notice for that purpose given on putting in the answer.

*A. Spencer*, in support of the motion, contended, that the matter of the bill was not sufficient to sustain it. The plaintiff had not sworn positively to any debt, but only to his belief. The bill showed that he had all the accounts in his possession, and the means of ascertaining whether any and what balance was due to him. From the bill, it was uncertain whether any thing was due. No misapplication of funds or embezzlement was charged, and there is no allegation that the proceeds of the last cargo received by the defendant, and retained by him, exceeded the profits he was entitled to ; nor was that to be presumed. The intention of departure was not sufficient, as the defendant was not domiciled at *St. Domingo ;* and there was no averment that he had not the *animus revertendi.* But the answer denies all the equity of the bill, and though the plaintiff has three weeks to except to the answer, yet neither the rule as to motions to dissolve injunctions, nor the reason of it, apply to this case, where the party is deprived of his liberty. The answer is sufficient, as to all that part of the bill which could possibly sustain an injunction. It is full enough on those points, and ought to be read. He cited 4 *Vesey*, 590, 591. 2 *Johns. Ch. Rep.* 100. 1 *Ves. & Bea.* 371. 8 *Vesey*, 597. 3 *Johns. Ch. Rep.* 76. *Hindes' Pr.* 613. *Beames on the Writ of Ne Exeat*, 66.

*J. V. N. Yates*, contra, insisted, that the answer ought not to be read. It was not a perfect answer, and the defendant intended to except to it, and was now in time to file exceptions. The affidavit to the bill was sufficient, in a matter of account. (*Beames on Ne Exeat*, 23. 38, 39. 69.)

THE CHANCELLOR. The affidavit annexed to the bill is not sufficient. It states, that on a fair and just settlement

of accounts, he verily believed the defendant would be found justly indebted to him in 5000 dollars. He does not swear *positively to any indebtedness.* That is a fatal defect. The books only allow the plaintiff, in matters of account, to swear according to his belief, as to *the amount,* or balance; but he must swear, positively, that a balance is due, though he need not swear to any certain sum.

In *Done's* case, (1 *P. Wms.* 263.) it was a matter of account, but money was sworn to be due; and in *Rico* v. *Gualtier*, (3 *Atk.* 501.) there is a loose observation, that in a bill for an account, the plaintiff swearing that he believes the balance in his favour would amount to so much, is sufficient. But that very observation implies that he must swear positively that *a balance is due,* and then add his belief as to the *amount.* Lord *Eldon,* in *Amsinck* v. *Barklay*, (8 *Ves.* 594.) said, that he should, in future, pause upon the practice of Lord *Hardwicke,* as to merely stating belief as to the balance of an account, unless the party stated facts or declarations, as the ground of that belief. Afterwards, in *Jackson* v. *Petrie,* (10 *Ves.* 164.) he considered the precedent of Lord *H.,* that in the case of partners and executors, information and belief were held sufficient, to be a bold precedent. In *Dick* v. *Swinton,* (1 *Ves. & Bea.* 371.) the plaintiff was an administrator, and it was a partnership transaction, and a matter of account, and yet the plaintiff swore to a debt, as being *at least* due to a certain amount.

The plaintiff, in the present case, had it in his power to ascertain with certainty whether a balance was coming to him. He knew the net proceeds of each preceding voyage, and that the defendant was entitled to one third of those proceeds, and he was the consignee of each return cargo, and sold it, and must be in possession of all the accounts, and materials enough to have stated an account. It is very uncertain, from the facts and declaration in the bill itself, whether the balance of profits still

due to the defendant, on all the adventures taken together, may not equal all that he has received and appropriated as the proceeds of the last voyage; and there is no certain cause of action stated, as arising out of the proceedings in *St. Domingo.*

1823.

THORNE
v.
HALSEY.

Without, therefore, looking into the answer, I think the affidavit for the writ was not sufficient, in the first instance; and though the plaintiff has three weeks to except to the answer, I do not mean to say that the defendant must, in every case, wait the expiration of the three weeks, and the period that may be consumed in exceptions, references, reports, and exceptions to the reports, and the whole series of vexatious and petty litigation, touching some parts of a long answer, before he can move, on the ground of the answer, for a discharge of the writ. The answer may not be perfect in all its parts, as to the whole matter of the bill, and yet contain sufficient matter unaffected by the defective parts, to induce a discharge of the *ne exeat.* It must rest in discretion, how far the answer, before it has become matured by time or decision on exceptions, is sufficient for the purposes of such a motion as the one before me. I have, therefore, permitted the answer to be read, and deem it amply sufficient for the purpose of destroying all pretence for the writ, even if the writ had been well sustained by the bill and accompanying affidavit.

Motion granted.