ROLAND G. USHER *vs.* WILLIAM C. PEASE & others.

Hampshire.    Sept. 15, 1874. — Jan. 6, 1875.    WELLS & MORTON, JJ., absent.

The arrest of a bankrupt, after the adjudication of bankruptcy, upon a warrant issued before that adjudication under the U. S. St. of 1867, *c.* 176, § 40, is unauthorized by law, and a bond given to procure release from such arrest is void.

CONTRACT by the United States marshal against the sureties on a bail bond, reciting that a warrant had issued out of the District Court of the United States for the district of Massachusetts, for the arrest of Washington Graves.   The condition was that Graves should " appear before said court, at such times as shall by said court be required, until the decision of said court upon the petition in bankruptcy filed against said Graves, in said court, and until the further order of the court."   The declaration alleged as a breach that Graves did not, when ordered by said court, appear before I. F. Conkey, a register in bankruptcy.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts, in substance as follows :

The bail bond was signed by the defendants on December 28, 1872.   On September 10, 1872, a petition was filed in the United States District Court by a creditor of Graves, asking that said Graves be adjudged a bankrupt, for causes set forth therein. Upon the filing of this petition, the court directed the entry of an order requiring the bankrupt to appear and show cause according to the provisions of § 40 of the U. S. St. of 1867, *c.* 176, and issued a warrant to the United States marshal, commanding him " to arrest the alleged bankrupt and him safely keep, unless he shall give bail to the satisfaction of the court for his appearance from time to time, as required by the court, until the decision of the court upon the petition, and until the further order of the court."

On September 23, 1872, Graves was adjudged a bankrupt upon the above petition.   No arrest or service of the warrant was made until after said adjudication, and after a meeting of creditors had been held and an assignee appointed.   On December

28, 1872, the marshal arrested Graves upon said warrant, and he gave the bail bond with sureties now declared on. Some weeks after the bond was executed, the assignee procured an order of the court, directing Graves to appear for examination before I. F. Conkey, a register in bankruptcy, and this order was served according to the precept thereof, but Graves failed to appear. The sureties were also notified to produce Graves for examination under the order, but failed to do so.

" If upon the foregoing facts the plaintiff is entitled to recover, judgment is to be entered for the plaintiff, and damages are to be determined according to principles of law applicable to such cases ; otherwise, judgment for the defendants."

*C. Delano*, for the plaintiff.

*G. M. Stearns*, for the defendants.

GRAY, C. J.   The 40th section of the bankrupt act relates to the preliminary proceedings upon the petition of a creditor to have his debtor adjudged a bankrupt; authorizes the court, on the filing of such a petition, to issue an order of notice to the debtor (to be served on him personally or by publication as therein directed) to appear, at the time specified in the order, to show cause why the prayer of the petition should not be granted ; and also an injunction to restrain the debtor and any other person, in the mean time, from making any transfer or disposition of the debtor's property ; and, if there is probable cause for believing that the debtor is about to leave the district, or to remove, conceal or fraudulently convey or dispose of his property, " issue a warrant to the marshal of the district, commanding him to arrest the alleged bankrupt, and him safely keep, unless he shall give bail, to the satisfaction of the court, for his appearance from time to time, as required by the court, until the decision of the court upon the petition, or the further order of the court."   U. S. St. 1867, *c.* 176, § 40.

The object of the provision for the arrest of the debtor is to secure his attendance at the hearing and adjudication upon the petition to have him adjudged a bankrupt, and to prevent him from meanwhile absconding or putting his property out of reach. The debtor is to be held in custody, or give bail for his appearance, only " until the decision of the court upon the petition, or the further order of the court."   The second alternative clearly

relates to a time within, and not beyond, that of the first; and appears to have been inserted in the statute with the object of allowing the debtor to be discharged at the discretion of the court before the adjudication of bankruptcy, not of keeping him in custody or attendance after that adjudication and during the pendency of the proceedings in bankruptcy.

When the debtor has attended the court at the time of the order adjudging him a bankrupt, he has fulfilled the whole obligation imposed upon him by the statute. That obligation could not be enlarged or extended by the court by substituting " and " for " or " in its order and warrant, and ordering him to be committed, or give bail for his appearance, " until the decision of the court upon said petition, and until the further order of the court." After the adjudication of bankruptcy, the mode of proceeding to compel him to submit to examination would be the same as in the case of a voluntary bankrupt, by petition under § 26.

The arrest of the bankrupt after the adjudication of bankruptcy, upon the warrant of arrest issued before that adjudication, was therefore unauthorized by law, and the bond given to procure his release from that illegal arrest was void.

*Judgment for the defendants.*