In re LIPKE et al.

(District Court, S. D. New York. January 20, 1900.)

**1. BANKRUPTCY—ARREST OF BANKRUPT—FORM OF WARRANT.**

Bankr. Act 1898, § 9b, authorizing the arrest of a bankrupt who is about to leave the district in order to avoid examination, does not require the warrant to state that the bankrupt is to be brought before the court for examination; and the writ will not be vacated for failure to include such a statement, if it was issued upon a sworn petition setting forth the necessary facts, and the bankrupt, being forthwith brought before the judge, did not demand an examination or make any objection, but immediately offered bail, which was accepted.

**2. SAME—WRIT OF NE EXEAT.**

The power of a court of bankruptcy to order the detention of a bankrupt who is about to abscond from the jurisdiction with his assets is not limited to the particular circumstances and specific purposes covered by section 9b of the bankruptcy act. Under section 2, subd. 15, giving to those courts jurisdiction to "make such orders and issue such process, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of the act," the court has authority to issue an order in the nature of a writ of ne exeat when the arrest of the bankrupt is shown to be necessary for the enforcement of the bankruptcy act as applied to his case.

In Bankruptcy.

Goldfogle, Cohn & Lind, for bankrupts.

Oberstein & Pohly, for creditors.

BROWN, District Judge. This is a motion to vacate an order in the nature of a writ of ne exeat issued on the 6th of January, 1900, under which the bankrupts were arrested and held to bail in the sum of $1,500, conditioned that they should not depart from the jurisdiction of the court and would obey its lawful orders and decrees. The writ is not in the form of the warrant provided for in section 9b of the bankrupt act, requiring the defendants to be brought before the court for examination, but in the usual form of the writ issued in equity under section 717, Rev. St. U. S. Upon the arrest of the defendants, however, they were immediately brought before the judge, and no examination being asked for, bail was immediately given.

It is now objected that the writ was void, because it did not state on its face that the defendants were to be brought before the judge or court for examination. Nothing in subdivision "b" of section 9, however, requires this to be stated in the order or warrant issued under that section; and as no examination was asked for when the defendants were brought before the judge nor any objection made at the

time, but immediate bail was offered and accepted, the right of examination would seem to have been waived. The facts stated in the sworn petition upon which the writ was granted, warranted the belief that the defendants were about to abscond and thereby greatly embarrass the administration of the bankruptcy proceedings. These considerations require the denial of the present motion.

I think the better practice, however, would be to conform to the provisions of section 9b as respects all the matters and objects covered by it. But under the broad powers at law and in equity conferred upon the district courts in bankruptcy proceedings by section 2 and subdivision 15 of that section, it is competent, I think, for the court to issue an order in the nature of a writ of ne exeat as broad as that provided by section 717 of the Revised Statutes, whenever such process is "necessary for the enforcement of the provisions" of the bankrupt act. By section 2 the district courts are expressly invested "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, * * * (15) to make such orders and issue such process * * * in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act."

The writ of ne exeat is one of the orders or writs in familiar use in equity against one who "designing to avoid the justice and equity of the court, is about to go beyond sea, so that the duty will be endangered if he goes." Wyatt, Prac. Reg. 289; 2 Story, Eq. Jur. p. 800, § 1470, note; 3 Daniell, Ch. Prac. (2d Am. Ed.) p. 1925.

The necessity of the occasional exercise of this power for the efficient administration of the bankrupt law is evident. Without it the bankrupt might easily defy, and largely nullify, all adverse proceedings against him, by absconding with his assets.

Under the fortieth section of the act of 1867 (Rev. St. § 5024) it was held by Gray, C. J., in Usher v. Pease, 116 Mass. 440, 12 N. B. R. 305, that the warrant of arrest did not extend beyond the hearing and adjudication upon the petition, and was for the purpose of securing the bankrupt's attendance thereon, and to prevent his absconding meanwhile or putting his property out of reach. The scope of section 9b of the present act is somewhat broader; but it seems still to be limited to a detention of the bankrupt for the purpose of examination after adjudication, and for his appearance from time to time for that purpose, not exceeding in all ten days, and for his obedience to all lawful orders made in reference to his examination. The issue of the warrant is further limited to a period of one month after the qualification of the trustee. In the present act there is no express authority to issue a warrant in order to prevent the bankrupt from absconding with assets, except incidentally and under the above limitations of section 9b; and considering the manifest insufficiency of that section to secure an effective administration of the act, I cannot doubt that it was intended by the compact and broad language of section 2, subd. 15, to authorize the court to make all orders and to issue any other process, agreeable to the recognized principles of law, that might be found necessary for that purpose. The act of 1867 contains no such general grant of power as is found in section

2 above quoted. See Rev. St. §§ 4972, 4976, 5024. The limitations of that act, therefore, are not applicable to the present act.

The writ of ne exeat under section 717 is not to be issued "unless a suit in equity is commenced." This was the existing rule of law as to the issuance of writs of ne exeat. Beames, Ne Exeat, 26; 3 P. Wms. 312; Mattocks v. Tremain, 3 Johns. Ch. 75. Section 2 of the act of 1898 in giving the district courts equitable jurisdiction "in bankruptcy proceedings," would seem to make the commencement of such proceedings the equivalent of a suit in equity for the purposes of the issuance of such a writ. Mackintosh v. Ogilvie, 1 Dickens, 119. In view of the broad provisions of section 2, subd. 15, however, it seems quite unnecessary to resort to section 717 for authority to prevent bankrupts from absconding, either with or without their assets, when their detention is necessary for the proper enforcement of the act.

Motion denied.