### In re BERKOWITZ.

#### (District Court, D. New Jersey. January, 1908.)

BANKRUPTCY (§ 237*)—POWERS OF COURT—WRIT OF NE EXEAT.

Bankr. Act July 1, 1898, c. 541, § 2, subd. 15, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), which confers on courts of bankruptcy general powers to make such orders and issue such process as may be necessary for the enforcement of the provisions of the act, in connection with Rev. St. § 716 (U. S. Comp. St. 1901, p. 580), vests a court of bankruptcy with power to issue a writ in the nature of a writ of ne exeat to restrain the bankrupt within the district, where it is shown that he intends to leave and not to appear for examination at an adjourned date, as required by an order of the referee; and such writ should be granted, where it appears that his presence is necessary to the proper administration of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 237.*]

In the matter of Leon M. Berkowitz, bankrupt. On motion to vacate order in the nature of a writ of ne exeat. Motion denied.

Julius Henry Cohen and Henry F. Wolff, for trustee.
Louis Hood, for bankrupt.

LANNING, District Judge. On the petition of creditors of the bankrupt, duly supported by the certificate of the referee to whom this cause has been referred, showing that at the conclusion of the proceedings before him on December 31, 1907, the bankrupt stated that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he would not appear before the referee for further examination on January 10, 1908, the day to which the examination had been adjourned, and that he intended to go West, and supported, also, by the affidavits of witnesses to the same effect, an order in the nature of a writ of ne exeat was issued, commanding the marshal of this district to take the bankrupt into his custody and cause him to give sufficient bail or security in the sum of $5,000 that he would not depart from the state of New Jersey or go beyond said state without leave of the court, and that he would at all times and in all matters respect, obey, and comply with the lawful orders and decrees of this court which might be made in behalf of the petitioners or other creditors, or the trustee, of the bankrupt. The writ was dated January 3, 1908. The bankrupt gave bail. He now moves by his counsel:

"That the order in the nature of a writ of ne exeat issued against him [Leon M. Berkowitz] on the 3d day of January, 1908, be vacated and discharged, with costs, and that the bond given by the said Leon M. Berkowitz, with sureties, to the United States marshal for the district of New Jersey, pursuant to the said order, may be delivered up to be canceled."

It will be observed that the motion is simply one for the vacation of the order in the nature of a writ of ne exeat, and not in any sense for its modification. The only question before the court, therefore, is as to whether the order should be vacated and set aside. Upon the authority of Bankr. Act July 1, 1898, c. 541, § 2, subd. 15, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), section 716, Rev. St. U. S. (U. S. Comp. St. 1901, p. 580), In re Lipke (D. C.) 3 Am. Bankr. Rep. 569, 98 Fed. 970, In re Cohen (D. C.) 14 Am. Bankr. Rep. 355, 136 Fed. 999, and In re Fleischer (D. C.) 18 Am. Bankr. Rep. 194, 151 Fed. 81, I have concluded that the order ought not to be vacated. It appears that, upon the presentation of the petition on which the order in the nature of a writ of ne exeat was issued, no formal order authorizing the issue of any writ was entered. If there be an irregularity in this respect, I will at any time sign an order nunc pro tunc, notwithstanding the fact that the writ, which on both sides has been designated as an order in the nature of a writ of ne exeat, was itself signed by me as judge of the court and the seal of the court thereto affixed.

The motion to vacate the writ is denied.