**In re FOSTER CONST. CORPORATION.**

**Appeal of POPKIN.**

**No. 431.**

Circuit Court of Appeals, Second Circuit.

June 24, 1931.

See, also, 49 F.(2d) 213.

Louis Jersawit, of New York City, for appellant.

694

Leo J. Linder, of New York City, for creditor-appellee and intervener trustee in bankruptcy.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee is a creditor of the bankrupt, which was adjudicated such on failure to answer a petition filed against it on September 23, 1929, in the Eastern district of New York. The trustee qualified June 30, 1930. Appellee, on January 27, 1930, procured an order in the Eastern district of New York for the arrest of the appellant, president of the bankrupt. The order of arrest was based on a petition of Mr. Linder, appellee's attorney, and the affidavit of one Satloff. On December 4, 1930, on the sole petition of the appellee, the bankrupt's trustee not joining therein, a District Judge in the Eastern district of New York authorized and empowered the appellee "to apply to the United States District Court for the Southern District of New York and for the District of New Jersey, and for an ancillary order of examination of such witnesses within the jurisdiction of said courts as may be necessary as to the acts, conduct or property of the bankrupt corporation herein, and for orders ne exeat directed to the Marshals for the Southern District of New York and for the District of New Jersey."

On the same day, appellee, on its sole petition, without the trustee joining therein, obtained ex parte, in the Southern district of New York, an ancillary order ne exeat, and an ancillary order for the examination of the appellant before a special commissioner in bankruptcy was signed. It was therein ordered: "That the United States Marshal for the Southern District of New York, or any of his deputies, be and he is hereby commanded that, without delay, he apprehend and take into custody Joseph Popkin, an officer of the bankrupt corporation above named, and bring him forthwith before me for examination or, at his option, cause him to give sufficient bail or security in the sum of $10,000 to be approved by this Court or the Clerk thereof, that he, the said Joseph Popkin, will not depart from or go, or attempt to depart from or go beyond the territorial jurisdiction of this Court without its leave, and will at all times and in all manner, respect and things, obey and comply with the lawful orders and decrees of the Court herein for his examination, which shall or may be made on behalf of the said petitioner or other creditor of the said bankrupt."

A warrant of arrest was executed by the marshal in the Southern district, and the appellant taken into custody. Appellant furnished the required bail, and moved to vacate the ancillary order ne exeat. From an order denying this motion, this appeal is taken.

It is conceded that the order ne exeat was made pursuant to such authority as is found in section 2, subd. 15, of the Bankruptcy Act, 11 USCA § 11 (15). It provides: "That the courts of bankruptcy * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * [to] (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title."

Neither the court of primary jurisdiction nor the court below of ancillary jurisdiction has authority to issue such an order unless it be so pursuant to section 9, subd. b, of the Bankruptcy Act, 11 USCA § 27 (b). A writ obtained under section 9, subd. b, of the Bankruptcy Act, requires a petition against a person to be obtained before the expiration of one month, after the qualification of the trustee upon satisfactory proof by affidavits of at least two persons that the bankrupt is about to leave the district in which he resides or has his principal place of business and is attempting, by his departure, to avoid examination and defeat the proceedings in bankruptcy. The section also provides for the arrest of the bankrupt and holding under bail for his appearance and examination.

No attempt was made by the appellee to comply with section 9, subd. b, 11 USCA § 27 (b), and the appellee rests its contention as to the validity of the order on section 2, subd. 15, 11 USCA § 11 (15), giving authority to the District Courts to make such orders, issue such process, and enter such judgments provided for and necessary for the enforcement of the provisions of the Bankruptcy Act.

The writ and use of the writ of ne exeat is referred to and limited by section 261 of the Judicial Code (28 USCA § 376) in equity proceedings, where it is provided that it may be granted by a judge, "but no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge granting the same that the defendant designs quickly to depart from the United States."

Limitations for permitting such an arrest are made clear by the statute. If the bankrupt is to be taken into custody, he may be detained only ten days, and he must be arrested upon an order based upon the affidavits of two persons, which must show the facts, not opinions, and must be reasonably conclusive. The bankrupt cannot actually be imprisoned within these limitations. Collier on Bankruptcy, 13th Edition, vol. 1, p. 390. The writ is punitive in its effect, and Congress recognized, by section 9, subd. b, of the act, 11 USCA § 27 (b), the high degree of proof necessary upon which to base such a writ. It is to be issued only as an order of arrest with the care that Congress intended. The general authority to issue orders contained in section 2, subd. 15, 11 USCA § 11 (15), cannot be regarded as extending a writ so specifically granted to a District Judge. The only other statutory authority to issue the writ is section 261 of the Judicial Code, which applies to suits in equity, and the writ can only be issued against a party defendant.

This writ is intended to be issued against the bankrupt only. In re Hale, Fed. Cas. No. 5,911. In the Hale Case, Judge Choate said: "It can hardly be doubted that so great a power, practically reviving imprisonment for debt, and touching so seriously the personal liberty of a very large class of citizens, would, if intended to be given, have been given expressly and not left to be inferred merely from the grant of other powers, and that, if given, its exercise would have been carefully limited by the act, to prevent hardship and abuse. The express grant of the power in one case shows that the attention of the framers of the law was called to the subject, and they are silent as to all other cases. This raises a presumption of some strength against the existence of the power in other cases. * * * And the fact that no provision has been made * * * for a warrant of arrest in any other case than that expressly provided for in the act, indicates the opinion of the supreme court that no such remedy is available." See In re Hassenbusch (C. C. A.) 108 F. 35.

In the court below, In re Lipke (D. C.) 98 F. 970, 971, was referred to, but the question there presented was whether a bankrupt, about to abscond with the assets, can be detained by a writ, and under the general power of section 2, subd. 15, 11 USCA § 11 (15), it was ruled that he could. Judge Brown said: "The necessity of the occasional exercise of this power for the efficient administration of the bankrupt law is evident. Without it the bankrupt might easily defy, and largely nullify, all adverse proceedings against him, by absconding with his assets."

In re Cohen (D. C.) 136 F. 999, and the Matter of Berkowitz (D. C.) 173 F. 1012, to which our attention is also called, both District Court cases, we think disregard the limitations of section 9, subd. b, 11 USCA § 27 (b), and erroneously hold the power did exist to issue the writ of ne exeat under section 2, subd. 15. However, in both instances, the writ was against the bankrupt. We think it better to follow the apparent intent of Congress to permit the writ to issue when and as specifically granted under section 9, subd. b, and when the terms of that section are complied with.

Moreover, there is no provision in section 9, subd. b, which vested jurisdiction or authority in the court below to issue a writ of ne exeat against an officer of a bankrupt corporation. And there is no inherent power to issue such an order and thus hold him to be examined concerning the acts of the bankrupt. Congress by the general provision of section 2, subd. 15, did not intend the issuance of orders of arrest, for, at the same time, by section 9b, it provided specific requirements before arrests might be granted. An officer of a bankrupt corporation is not the bankrupt. Kaufman v. United States (C. C. A.) 212 F. 613, Ann. Cas. 1916C, 466. The section is without application to him. Congress recognized this in prescribing punishment for crime (section 29b) under the Bankruptcy Act, 11 USCA § 52 (b). Such a drastic remedy as an arrest provided for by section 9 (b) of the Bankruptcy Act, 11 USCA § 27 (b), is one directed against the liberty of a person, and should be strictly construed and carefully applied. In re Schenkein (D. C.) 113 F. 421. It is the bankrupt, not an officer, who is referred to as subject to arrest in section 9 (b). It was intended to be issued only against the bankrupt, not a third party. If an officer of the corporation fails to appear for examination under section 21 (a) of the act, 11 USCA § 44 (a), or becomes a recalcitrant witness, he may be punished for contempt. This remedy is ample; at least it is all Congress has provided.

Another sufficient reason why the order was improperly granted below is the fact that it was applied for by a creditor and not the trustee in bankruptcy. In re Lewensohn, 121 F. 538, 539 (C. C. A. 2). There the court said: "The trustee represents every creditor. * * * If the trustee should, without suffi-

cient reason, refuse to proceed, the court, by its order, could compel him to do so, or remove him for disobedience. It has been held under the present act that a creditor cannot prosecute an appeal from the judgment of a court of bankruptcy allowing the claim of another creditor, and that the trustee is the only party who can do so." See, also, In re Rogers-Johnson Bldg. Co. (C. C. A.) 30 F.(2d) 359.

While the trustee is serving as such, any controversy arising out of and connected with the bankrupt's estate must be instituted by the trustee, for no useful purpose can be served by a creditor's duplication. Any other interpretation of the act would leave the bankrupt at the mercy of every creditor for his real or fancied wrongs. The creditor cannot usurp the power conferred upon the trustee while the trustee is in office.

Order reversed, and motion to vacate granted.