## CHRISTIAN v. R. HOE & CO., Inc.

### In re R. HOE & CO., Inc.

### Ex parte CHANCE et al.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

See, also, 63 F.(2d) 218, 221.

Samuel Zirn, of New York City, for appellants.

Hughes, Schurman & Dwight, of New York City, for Irving Trust Co., trustee.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for appellees certain creditors.

Root, Clark, Buckner & Ballantine, of New York City, for appellees certain stockholders.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is a motion by the appellees to dismiss an appeal from an order in a proceeding under section 77B, Bankr. Act (11 USCA § 207), which allowed fees to the several appellees for their services in reorganization and earlier. The order is entitled both in a preceding sequestration suit in equity and in the reorganization proceeding which superseded it. The two appellants are a creditor and a stockholder of R. Hoe & Co., Inc.; the appeal was taken as of right without obtaining leave of court. The judge made allowances to the trustee and its attorney and to a number of other parties not necessary to specify.

[■ So far as the order fixed the allowances other than those to the trustee and its attorney, the trustee alone could appeal, unless it were shown to have been derelict in its duty. In re Lewensohn, 121 F. 538 (C. C. A. 2); Amick v. Mortgage Securities Corporation, 30 F.(2d) 359 (C. C. A. 8). Compare In re Foster Const. Corporation, 50 F.(2d) 693 (C. C. A. 2). Subdivision (c) (9) of section 77B, 11 USCA § 207 (c) (9), is to be read with this implied limitation, and the appeal must so far be dismissed. But

that rule does not apply to the allowance of the trustee itself, or to that of its attorneys; obviously the trustee would not appeal from these. Under subdivision (c) (9) of section 77B, appeals may be taken to this court independently of other appeals from orders allowing compensation for the services rendered in connection with the proceeding and the plan. We assume without deciding that in so far as the trustee and its attorneys were awarded anything for services rendered in the proceeding as distinct from the suit, no leave to appeal was necessary. Not so, in so far as the order directed the payment in the proceeding of "reasonable" allowances, awarded by the order, considered as a decree in the suit. As such an order it was appealable only by leave, and the appeal must be dismissed. In re New York Investors, Inc., 79 F.(2d) 179 (C. C. A. 2). Finally, so far as the order is considered as a decree in the suit, fixing awards for services in the suit, and therefore a condition to the direction to pay them required by subdivision (i) of section 77B, 11 USCA § 207 (i), while it may be formally appealable, the issue is moot. For even though we should reverse the order, qua decree in the suit, we should be obliged to let it stand qua order in the proceeding under subdivision (i), as the appeal is not in that respect before us. Finally, even though under subdivision (c) (9) the appeal is valid so far as the order was an award for services rendered in the proceeding, we could not exercise our jurisdiction. We might indeed decide that the total allowance was too great, but that would not serve, because we could not say that the award for services in the proceeding was more than those services justified, for we cannot know what part of the allowance was so awarded. The truth is that the order was at once a decree in the suit and two orders in the proceeding; in all three aspects it must be before us if we are to deal with any part of it. The appellants having failed to take a valid appeal from one part, the appeal from the other parts was brutum fulmen.

We note incidentally that Judge Woolsey by order in the proceeding, dated August 1, 1934, amended August 3, 1934, provided that "persons appearing on behalf of any creditor or stockholder shall file with the trustee a power of attorney duly signed and acknowledged authorizing such person to appear in this proceeding." The appellants did not try to conform to the requirement of this reasonable order; nor does it appear from the record that they appeared and objected to the allowances. The appearance of their present attorney was as attorney for an anonymous "Group of Independent Security Holders and Class A Stockholders Proxy Committee."

Appeal dismissed.