## STEWART v. UNITED STATES ex rel. SMITH.

(Court of Appeals of District of Columbia. Submitted November 10, 1921. Decided January 3, 1922.)

No. 3504.

1. **Divorce ⊜84—Creditor cannot enforce ne exeat bond against surety after permitting violation.**

Plaintiff in a suit for divorce, who had secured a writ of ne exeat against defendant, cannot collect the penalty of the bond given to secure defendant's obedience to the writ from the surety on the bond, after plaintiff had consented to defendant's absence by receiving for several months payments of alimony from defendant from points without the District, without objecting to his violation of the ne exeat until he had ceased to make payments of alimony.

2. **Divorce ⊜84—Evidence held to raise jury question whether plaintiff had waived compliance with ne exeat bond.**

In an action against the surety on a ne exeat bond, executed by defendant in a divorce action, evidence that plaintiff and her counsel knew that defendant's business required his presence outside of the District, and received payments from him from without the District without objection, held to raise a question for the jury whether the plaintiff had consented to the violation of the bond by defendant, so as to release the surety therefrom.

Appeal from the Supreme Court of the District of Columbia.

Suit by the United States, on the relation of Margaret C. Smith, against William W. Stewart, to recover the penalty of a ne exeat bond. Judgment for plaintiff on directed verdict, and defendant appeals. Reversed and remanded.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wm. E. Leahy, Clinton Robb, and J. E. Padgett, all of Washington, D. C., for appellant.

J. T. Sherier and J. V. Morgan, both of Washington, D. C., for appellee.

HOEHLING, Acting Associate Justice. This is a suit brought against the surety on a ne exeat bond to recover the full penalty thereof in the sum of $2,000. The defense interposed on behalf of the surety was substantially that, notwithstanding the condition of the bond, the beneficial plaintiff thereunder agreed that the principal in said bond should leave the District of Columbia and go to the state of New York, and that such agreement was without the knowledge and consent of the surety.

At the trial, evidence was adduced on behalf of defendant, surety on the bond, in support of the defense stated. At the conclusion of the testimony, on both sides, plaintiff moved for a directed verdict, "on the ground that there was no sufficient evidence offered by defendant to go to the jury on the question of plaintiff's consenting to defendant's leaving the jurisdiction." The motion was granted over the objection and exception of defendant, and that action of the court is assigned as error.

In order correctly to dispose of the matter, it becomes necessary to examine the testimony in some detail, and which may be summarized thus:

In March, 1916, Margaret C. Smith, use plaintiff herein, brought suit in the court below for divorce and alimony against her husband, Percy G. Smith. Affidavit was filed therein, to the effect that the husband had stated that, in a short time, he would go to Russia, and, perhaps, would never return to the United States. and that, in the event he did not go to Russia, he would take up a permanent residence in Havana, Cuba. On March 22, 1916, order was passed in the cause, directing the issuance of the writ of ne exeat, the same "to be marked for security in the sum of $2,000." Thereupon defendant filed ne exeat bond, dated March 23, 1916, executed by himself, as principal, and by William W. Stewart (appellant herein), as surety, in the penal sum of $2,000. conditioned that the principal "shall not go, or attempt to go, beyond or without the District of Columbia, or the jurisdiction of this court, without leave therefrom." On the day following, order was entered directing defendant to pay to his wife the sum of $85 a month as alimony pendente lite. That order was prepared by counsel for defendant, following a conference with counsel for plaintiff, and, as prepared, it contained a concluding paragraph to the effect that the "defendant be, and he is hereby, permitted to leave the District of Columbia, pending the final hearing of this case." Upon presentation of the order in that form to counsel for plaintiff, just before its submission to the court, objection was made to the concluding paragraph just referred to, and accordingly it was stricken from the proposed order, and, as thus modified, the order was signed by the court.

After the release of defendant, upon the giving of ne exeat bond, as above, counsel for the parties had an extended conference concern-

ing the amount of alimony that would be mutually agreeable. Discussion was had as to the position and salary of defendant with the Goodyear Tire & Rubber Company, his expenses in New York City, and his expense in coming to this District. Counsel for defendant endeavored to convince counsel for plaintiff that $75 was as much as he could pay; whereas counsel for plaintiff endeavored to convince counsel for defendant that he should pay more, with the result that $85 was finally agreed upon as a compromise. It further appears that counsel for defendant, in endeavoring to reach a compromise agreement as to the amount of alimony, as above, wished to avoid the necessity of having defendant return to the District for the purpose of the rule to show cause then outstanding, and which was returnable March 31, 1916, and that no objection was raised by counsel for plaintiff to that method in order to avoid the necessity of defendant so returning; also that the conversation between counsel was all along the line that defendant was to return (to New York) and take up his position and try to make the money to pay the alimony; that his clothes and everything he had were in New York; that, when the proposed order was presented to the court, counsel for plaintiff objected to incorporating therein permission to defendant to leave the District of Columbia, although counsel for defendant (testifying herein) stated that he did not think that counsel for plaintiff expressed any objection at the time to defendant leaving the District.

It further appears that plaintiff knew that her husband was employed by the Goodyear Tire & Rubber Company, working in New York; that he had been sending her $75 a month for several months prior to the filing of the suit for divorce; that she thought the payments came from Akron, Ohio, the headquarters of the Goodyear Tire & Rubber Company. There was also testimony in the case to the effect that the payments of alimony made by defendant came principally in the shape of money orders from Akron, Ohio, and New York City, signed by defendant and payable to his wife, and that some of the money orders were sent direct to plaintiff, at the request of her counsel when the latter was away.

The plaintiff testified that she had given her attorney full authority. Her counsel testified that he knew that defendant in the divorce case after executing the ne exeat bond, left the District of Columbia; that he saw him in Cleveland, Ohio, about two months after the signing of the bond; that he knew defendant was in Cleveland without leave of court, for the reason that he examined the proceedings in the case, and the record did not disclose that any permission of the court had been given for his leaving.

Appellant in this case, surety on the ne exeat bond, testified that he was not present at the conference between counsel for the husband and wife, respectively; that he had no personal knowledge in respect of any arrangement made between said counsel; that he did not give defendant any permission to leave the District of Columbia; and that he had not been told about any arrangement concerning the matter.

On May 9, 1917, decree was entered in the equity cause, granting the plaintiff a limited divorce from her husband, and directing the payment

of alimony by him in the sum of $100 per month from June 1, 1917, and until the further order of the court.

On December 11, 1917, further order in the cause was passed, stating that defendant had failed to pay the alimony for the months of October, November, and December, 1917, and further that he had absented himself from the jurisdiction of the court "without cause," and accordingly plaintiff was granted leave to proceed at law against the principal and surety for recovery of the penalty of the ne exeat bond. That suit was brought, and from the judgment for plaintiff therein this appeal was taken.

From the above statement, it appears that the agreement in respect of the payment of alimony pendente lite ($85 per month) was kept and performed by defendant, including the increased amount of alimony ($100 per month) as fixed by the decree of court of May 9, 1917, until October, 1917—in other words, from March 23, 1916, to October, 1917, payments of alimony were made by the defendant to his wife, and no dissent was made by the wife, so far as disclosed by the record herein, in respect of the receipt by her of the alimony to which she was entitled; nor was any objection made to the fact that, during all of that time, the payments were received by her from defendant from places outside of the District of Columbia.

From the foregoing testimony (and which does not seem to have been seriously controverted, save only as to its legal sufficiency) it would seem fairly to result that, during all of the period from March 24, 1916, to October, 1917, it was never intimated or suggested by plaintiff or her counsel that defendant had violated the condition of the bond concerning his continued presence in the District of Columbia; nor was any such objection interposed until some time following default made by defendant in the payment of alimony, beginning with the month of October, 1917, and thereafter continuing, and which default resulted in the order of court, entered December 11, 1917, supra, which authorized plaintiff to proceed at law against the principal and surety for the recovery of the penalty of the ne exeat bond.

The inference is fairly deducible, from all of the evidence in the case, that plaintiff and her counsel (without the knowledge or consent of appellant, surety on the bond) were willing and content that defendant should be and remain outside of the District of Columbia, in order to earn moneys with which to pay alimony, so long as he continued to make the payments, and, but for the fact that, ultimately, the payments of alimony ceased, it is reasonable to assume that no objection ever would have been interposed concerning the absence of defendant from this District.

[1] There is no contradiction in the record of the testimony of the surety (appellant) that he had no knowledge of any arrangement made concerning permission to the defendant to leave the District of Columbia, and that he gave no such permission. Obviously the plaintiff, under such situation, could not waive the condition of the bond for her own purposes and for such period as it resulted to her financial benefit, and, at the same time, be permitted to assert that the condition of the bond was and continued in full force and effect and enforceable as

against the surety whenever, in the future, the payments of alimony should cease.

[2] The theory upon which the court below granted a directed verdict for plaintiff in the instant case was that there was no sufficient evidence offered by defendant to go to the jury on the question of consent of plaintiff to the defendant's leaving the jurisdiction—that is to say, that, giving full effect to every legitimate inference that might be deduced from the testimony in the case, there was no issue of fact sufficient in law to go to the jury on the question of the consent of plaintiff in respect of the matter mentioned.

In this we think that the trial court erred, since, as we have heretofore decided in prior cases, disputed questions of fact are not to be determined by the court as matter of law, but should be submitted to the jury. The court is of opinion that, under the testimony adduced in this case, there was sufficient evidence to go to the jury upon the question of consent on the part of plaintiff to a modification of the express condition of the ne exeat bond, and that, if the jury should find, from all of the evidence in the cause, that the plaintiff had so consented, either by express or implied agreement or arrangement in that behalf, without the knowledge and consent of the surety on the ne exeat undertaking, the jury would have been justified in returning a verdict for the defendant, appellant herein.

Several other alleged errors are assigned by appellant; but, in the view we have taken of the case, as hereinabove expressed, we do not deem it necessary to consider the same.

Accordingly the judgment of the court below is reversed, with costs to appellant, and the cause remanded for further proceedings not inconsistent with this opinion.

Mr. Justice HOEHLING, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.