## UNITED STATES ex rel. SMITH v. STEWART.

(Court of Appeals of District of Columbia. Submitted November 5, 1924. Decided December 1, 1924.)

No. 4081.

**1. Appeal and error ☞1213—Court on new trial required to submit case to jury, where appellate court on prior appeal held evidence made question one for jury.**

Where Court of Appeals had held on prior appeal that evidence made a question one for the jury, the lower court, on new trial, was required, on substantially the same evidence, to submit the case to the jury.

**2. Appeal and error ☞999(1)—Verdict of properly instructed jury on question of fact not disturbed.**

Judgment on verdict of properly instructed jury on question of fact will not be disturbed.

Appeal from Supreme Court of District of Columbia.

Action on ne exeat by the United States, on the relation of Margaret C. Smith, against William W. Stewart. Judgment for defendant, and relator appeals. Affirmed.

See, also, 51 App. D. C. 163, 277 F. 565.

J. T. Sherier, of Washington, D. C., for appellant.

Clinton Robb, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a judgment of the Supreme Court of the District in favor of the appellee in an action brought upon a certain ne exeat bond upon which the appellee was sued as surety.

It appears that on March 23, 1916, the relator, Margaret C. Smith, brought suit in the lower court against her husband, Percy G. Smith, for divorce and alimony, and that at the commencement of the suit a writ of ne exeat was issued against the husband, with security noted in the sum of $2,000. The husband was taken into custody under the writ, whereupon he, as principal, together with the appellee, William W. Stewart, as surety, executed a bond in the required sum, conditioned that he should not go, or attempt to go, beyond or without the District of Columbia, or the jurisdiction of the Supreme Court of the District, without leave of court. An interlocutory decree for alimony pendente lite in the sum of $85 per month was allowed in the case, followed by a decree for limited divorce granted to the wife, together with permanent alimony allowed her at the rate of $100 per month.

It appears furthermore that the husband thereafter did not in fact remain within the District, but departed and remained permanently absent therefrom without leave of court. Nevertheless he paid the installments of alimony as prescribed until the month of October, 1917, since which time he has been in default. Thereupon, by leave, the wife, as relator, brought the present action upon the ne exeat bond against her husband and his surety, William W. Stewart, upon the ground that the bond had become absolute by reason of the husband's absence as aforesaid.

The defendant, William W. Stewart, filed a plea to the declaration, alleging that after the execution of the bond the said plaintiff agreed with her husband that he should leave the District of Columbia and go to the state of New York without leave of court, notwithstanding the terms and conditions of the ne exeat bond aforesaid, and that the husband had accordingly departed from the jurisdiction of the court, all without the knowledge or consent of said defendant. Wherefore he claimed a release from the obligation of the bond.

Issue was joined, and the case was put to trial before the jury. At the conclusion of the testimony the court on motion directed a verdict in favor of the plaintiff, "on the ground that there was no sufficient evidence offered by defendant to go to the jury on the question of plaintiff's consenting to defendant's leaving the jurisdiction." Ac-

cordingly a verdict was returned in favor of the plaintiff, and judgment was entered against the defendant. The latter then appealed to this court, which reversed the judgment below, upon the ground that there was lawful evidence in the record tending in fact to sustain the aforesaid plea of the defendant, and that the issue, therefore, should have been submitted to the jury. The following extract is taken from that opinion:

"The court is of opinion that, under the testimony adduced in this case, there was sufficient evidence to go to the jury upon the question of consent on the part of plaintiff to a modification of the express condition of the ne exeat bond, and that, if the jury should find, from all of the evidence in the cause, that the plaintiff had so consented, either by express or implied agreement or arrangement in that behalf, without the knowledge and consent of the surety on the ne exeat undertaking, the jury would have been justified in returning a verdict for the defendant, appellant herein."

The case, being remanded for a new trial, was again tried in the lower court, resulting in a verdict and judgment for the defendant. The present appeal is brought to challenge that judgment.

[1, 2] The bill of exceptions discloses that the testimony submitted at the former trial, which was held by this court to be sufficient to entitle the defendant to go to the jury, was again in substance introduced in behalf of the defendant at the trial now under review. It must follow, therefore, that the trial court was justified and required to take the verdict of the jury upon the evidence. This was done, and judgment was entered accordingly. It is true that the plaintiff introduced rebutting evidence upon the issue, but this, together with all of the other evidence in the case, was submitted under proper instructions to the jury. The question was one of fact only, and, since we find no error in the record, the judgment entered by the lower court upon the verdict of the jury should not be disturbed.

We have not deemed it necessary to repeat the reasons which led this court to its conclusions upon the former appeal, since these are fully set out in the opinion of Mr. Justice Hoehling, who sat as a member of the court at that hearing. Stewart v. United States ex rel. Smith, 51 App. D. C. 163, 277 F. 565. The reasons there given apply with equal force to the present appeal.

The judgment is affirmed, at the costs of the appellant.