**JUDSON v. JUDSON.**

Civil Action No. 19212.

District Court of the United States for the District of Columbia.

June 15, 1943.

John J. O'Brien, of Washington, D. C., for plaintiff.

W. C. Burton, of Washington, D. C., for defendant.

EICHER, Chief Justice.

■ The Judicial Code provides that no writ of ne exeat shall be granted unless the defendant "designs quickly to depart from the United States." 28 U.S.C.A. § 376.[1] But the District Court of the United States for the District of Columbia, in a divorce proceeding, is exercising its local and not federal jurisdiction, and the authority upon which, in such a case, it may issue the writ of ne exeat is found in the Code. Murphy v. Paris, 57 App.D.C. 19, 16 F.2d 515. Title 11, Sec. 315 of the District Code 1940 authorizes the District Court to issue "writs of * * * ne exeat, and all other writs known in common law and equity practice that may be necessary to the effective exercise of its jurisdiction." (Emphasis supplied.)

■ The writ of ne exeat is no longer to be considered a prerogative writ, but is an ordinary or mesne process of equity. May v. May, 146 Ga. 521, 91 S.E. 687; Greisner v. Greisner, 86 N.J.Eq. 76, 97 A. 287; Murphy v. Paris, supra. And no writ of ne exeat shall be granted unless a suit in equity be commenced. In re Cohen, D. C., 136 F. 999.

In this case the service of the original process was had on the resident manager of the apartment-hotel where the parties had resided.

Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that service shall be made " * * * by leav-ing copies thereof (summons and complaint) at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein".

Counsel for plaintiff rely on Skidmore v. Green, D.C., 33 F.Supp. 529 and Rovinski v. Rowe, 6 Cir., 131 F.2d 687, but in each of these cases the service was had on a member of defendant's family, and not a complete stranger who happened to live in the same building.

■ It follows, therefore, that the service of the original process was not valid and the writ of ne exeat, being a mesne process, must be quashed. The writ of ne exeat is not in itself a remedy. It is a means to effectuate a remedy, viz., by keeping a party within the jurisdiction of the court.

■ Counsel for plaintiff argues that by giving bond, defendant has entered a general appearance and is thus within the jurisdiction of the court.

Even before the promulgation of the Federal Rules of Civil Procedure which abolished special appearances, it has been held that the giving of the usual security is not a waiver of the right to question the propriety of the issuance of the writ of ne exeat and does not preclude defendant from applying to vacate the writ and cancel his bond. 45 C.J. 602 citing Jesup v. Hill, 7 Paige, N.Y., 95.

It would appear therefore that the service of process, the writ of ne exeat and the bond should be cancelled, leaving only the complaint which counsel for defendant has not successfully attacked. It is so ordered.

---

[1] See 1948 Revision, 28 U.S.C.A. § 1651.